IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ISAIAH JAMAAL FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-629-GMS |
| | ) | |
| CONNECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff Isaiah Jamaal Fields ("Fields"), an inmate at the Sussex Correctional

Institution ("SCI"), appears *pro se* and was granted permission to proceed *in forma pauperis*.

(D.I. 6.) Fields filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C.

§ 1983.[1] (D.I. 1.) Before the court is a motion to dismiss filed July 25, 2017 by the defendant

Connections Community Support Programs Inc. ("Connections") and Fields' opposition. (D.I.

25.) Fields also requests counsel. (D.I. 38.)

### II. BACKGROUND

Fields raises medical needs claims. Upon screening, all the defendants were dismissed

with the exception of Connections and nurse practitioner Louise Ryan ("Ryan). Connections

moves for dismissal on the grounds that the complaint fails to allege that it maintained a policy,

practice, or custom that caused the alleged inadequate treatment of Fields' injured ankle/foot.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. STANDARDS OF LAW

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Fields proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, __U.S. __, 135 S. Ct. 346, 346 (2014).

A complaint must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant]

pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Connections is directly liable for the alleged constitutional violations, Fields "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of an Connections' employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584 (citations omitted).

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of*

*Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

As noted above, Connections argues dismissal is appropriate because Fields has not pled facts sufficient to demonstrate it has a deficient policy or procedure. As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court previously reviewed Fields's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 17, 18.) Nothing has changed since that ruling. Nonetheless, the court has revisited the allegations, liberally construed them, as it must, and finds that Fields adequately raises medical needs claims under the Eighth Amendment.

The allegations are that Fields injured his ankle/foot on February 1, 2016, and was sent to medical and given medication and ice for the ankle. Fields had severe pain. He presented for his chronic care appointment on February 4, 2016, and was seen by Ryan, and told her that he had pain and a burning sensation in his foot/ankle traveling up his calf. Ryan conducted the normal chronic care examination and sent Fields back to his tier, apparently without providing treatment for the ankle/foot condition.

Fields continued to have pain and submitted sick call slips and medical grievances to receive medical care. He also wrote to prison personnel regarding his severe pain and discomfort. Fields was then provided a brace and pain medication for 30 days, but there has

been no follow-up. Fields alleges that the brace has caused his condition to worsen and makes his ankle/foot burn even more. He submitted another medical grievance asking for diagnostic testing and to be seen by an outside medical provider.

There is no dispute that Connections is responsible for inmate care at VCC. It is alleged that Fields has a serious medical condition, that he continues with pain, but he is not provided treatment for the condition. Fields is not required to recite the specific text or official policy. He must only place Connections on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations as the court must, Fields adequately states a claim against Connections. The complaint pleads facts of repeated delay in treatment that, liberally construed, suffices to allege custom through a given course of conduct. While discovery may show that Connections acted properly, Fields has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss. (D.I. 25.)

## V. REQUEST FOR COUNSEL

Fields proceeds *pro se,* has been granted leave to proceed *in forma pauperis*, and requests counsel. (D.I. 38.) He requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex, he has limited law library access and limited knowledge of the law, a trial will likely involve conflicting testimony, and he has been unsuccessful in his attempts to retain counsel.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron*

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

*v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Fields' request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Fields' ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the request for counsel. (D.I. 38.) Should the need for counsel arise later, one can be appointed at that time.

## VI.    CONCLUSION

Based upon the above discussion, the court will: (1) deny the motion to dismiss (D.I. 25); and (2) deny the plaintiff's request for counsel without prejudice to renew (D.I. 38).

An appropriate order will be entered.

_____ 21 _____, 2018

Wilmington, Delaware

_____

UNITED STATES DISTRICT JUDGE